UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, CARL FARRELL, in His Capacity as Business Manager of PAINTERS DISTRICT COUNCIL NO. 58, SAINT LOUIS PAINTERS PENSION TRUST, ST. LOUIS PAINTERS WELFARE TRUST, ST. LOUIS PAINTERS VACATION PLAN AND TRUST, and FINISHING TRADES INSTITUTE OF MIDWEST TRUST, By and through CARL FARRELL, RICHARD LUCKS, JOSEPH MUELLER, SHAWN OSTER, OTTO SCHOENBURG, DONALD THOMAS, DANIEL WIENSTROER, MICHAEL SMITH, WALTER BAZAN JR., KYLE LOPEZ, MARK BORGMANN, JOSEPH KEIPP, TIM WEIS, ADAM MOORE and ANDY RUNZI in Their Representative Capacities as Trustees, <br><br>Plaintiffs,<br><br>v.<br><br>THE GOOD GUTTER COMPANY, LLC,<br><br>Defendant. | Case No.<br><br><br><br>NO JURY TRIAL |

**COMPLAINT TO ENFORCE SETTLEMENT AGREEMENT**
**PURSUANT TO SECTION 301 OF THE LMRA**

COME NOW Plaintiffs, by and through their attorneys, and for their cause of action against Defendant state:

1. Jurisdiction of the cause of action and the parties hereto is conferred upon this Court by subsections (a), (b) and (c) of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185 (hereinafter referred to as the "LMRA").

2. Venue is proper in this Court because the events giving rise to this cause of action occurred within this judicial district.

3. Plaintiff Painters District Council No. 58 (f/k/a Painters District Council No. 2 and

hereinafter "Painters") is a "labor organization" within the meaning of § 2(5) of the National Labor Relations Act (hereinafter "NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of § 301 of the LMRA, 29 U.S.C. § 185, and is an "employee organization" within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4).

4. Painters maintains its principal offices within this judicial district at 2501 59th Street, St. Louis, Missouri 63110.

5. The Saint Louis Painters Pension Trust (f/k/a Painters District Council No. 2 Pension Trust and hereinafter "Pension Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).

6. The Pension Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

7. The Pension Trust is administered within this judicial district in Maryland Heights, Missouri 63043.

8. Plaintiffs Carl Farrell, Richard Lucks, Joseph Mueller, Daniel Wienstroer, Tim Wies and Kyle Lopez constitute the Joint Board of Trustees of the Pension Trust ("Pension Trustees").

9. The Pension Trustees are the Plan Sponsor of the Pension Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).

10. The Pension Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Pension Trust.

11. The Saint Louis Painters Welfare Trust (f/k/a Painters District Council No. 2 Welfare Trust and hereinafter "Welfare Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).

12. The Welfare Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

13. The Welfare Trust is administered within this judicial district in Maryland Heights, Missouri 63043.

14. Plaintiffs Carl Farrell, Joseph Mueller, Shawn Oster, Walter Bazan Jr., Michael Smith and Don Thomas constitute the Joint Board of Trustees of the Welfare Trust ("Welfare Trustees").

15. The Welfare Trustees are the Plan Sponsor of the Welfare Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).

16. The Welfare Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Welfare Trust.

17. The Saint Louis Painters Vacation Plan and Trust (f/k/a Painters District Council No. 2 Vacation Trust and hereinafter "Vacation Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).

18. The Vacation Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

19. The Vacation Trust is administered within this judicial district in Maryland Heights, Missouri 63043.

20. Plaintiffs Carl Farrell, Joseph Mueller, Richard Lucks, Mark Borgmann, Walter Bazan, Jr., and Joseph Keipp constitute the Joint Board of Trustees of the Vacation Trust ("Vacation Trustees").

21. The Vacation Trustees are the Plan Sponsor of the Vacation Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).

22. The Vacation Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Vacation Trust.

23. The Finishing Trades Institute of Midwest Trust (f/k/a Painters District Council No. 2 Apprenticeship and Journeyman Training Trust and hereinafter "Apprenticeship Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).

24. The Apprenticeship Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

25. The Apprenticeship Trust is administered within this judicial district at 18036 Eads Avenue, Chesterfield, Missouri 63005.

26. Plaintiffs Carl Farrell, Joseph Mueller, Otto Schoenburg, Michael Smith, Adam Moore, and Andy Runzi constitute the Joint Board of Trustees of the Apprenticeship Trust ("Apprenticeship Trustees").

27. The Apprenticeship Trustees are the Plan Sponsor of the Apprenticeship Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).

28. The Apprenticeship Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Apprenticeship Trust.

29. Defendant is a Missouri corporation in good standing, conducting business in this judicial district. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C., §§ 1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., §§ 152(2), (6) and (7), having an office and place of business within this judicial district.

30. On September 16, 2019, Plaintiffs filed a lawsuit in this Court, Case No. 4:19-cv-02570, against Tidwell Brothers Construction, LLC, NAT Construction, LLC, and Rick Tidwell (collectively "Tidwell Defendants") (among other parties) seeking the collection of unpaid fringe benefit contributions due to Plaintiffs, plus liquidated damages, attorneys' fees, and costs.

31. The total amount that the Tidwell Defendants owed to Plaintiffs in Case No. 4:19-cv-02570 was $150,308.01 in unpaid principal contributions, liquidated damages, audit costs, attorneys' fees, and court costs.

32. On March 16, 2021, Plaintiffs and the Tidwell Defendants entered into a settlement agreement (hereafter referred to as the "Settlement Agreement"), where Plaintiffs agreed to accept a lesser amount of $120,000 so long as the Tidwell Defendants timely made payments pursuant to the agreed upon payment plan; so long as Tidwell Brothers Construction, LLC and NAT Construction, LLC, stayed current in their ongoing contributions to Plaintiffs during the term of the payment plan; and so long as Tidwell Brothers Construction, LLC and NAT Construction, LLC obtained either a surety bond or irrevocable letter of credit in the amount required by the applicable collective bargaining agreement.

33. Paragraph 3 of the Settlement Agreement, which established the terms of the payment plan, states in relevant part:

> Defendants shall pay the Settlement Amount to Plaintiffs through a 36-month payment plan as follows: Defendants shall pay $1,500 a month for the first 12 months, $1,750 a month for the second 12 months (i.e. months 13-24), and $2,000 a month for the third 12 months (i.e. months 25-36), with balloon payments of $19,000 at the end of each of the three years, for a total settlement payment of $120,000.00. Defendants shall pay each monthly payment by the Fifteenth day of each month, with the first of these monthly payments beginning on or before **March 15, 2021**. Further, Defendants shall pay the first $19,000 balloon payment by December 31, 2021, the second $19,000 balloon payment by December 31, 2022, and the third $19,000 balloon payment by December 31, 2023.

34. Paragraph 8 of the Settlement Agreement, which applies in the event of a breach of the Settlement Agreement, states as follows:

> **Breach.** Should Defendants fail to comply with any of the terms set forth herein, including failing to make any payment pursuant to Paragraphs 3 or 5, or failing to obtain an appropriate surety bond or letter of credit pursuant to Paragraph 6, then Defendants shall be in breach of this Agreement and the entire amount of $150,308.01, less any payments made, shall become immediately due. In such event, Defendants shall immediately pay whatever amount of the Principal Delinquency, Liquidated Damages, Audit Costs, and Fees and Costs remains unpaid, as well as Plaintiffs' attorneys' fees and costs related to execution on the Consent Judgment, or other enforcement of this Settlement Agreement.
>
> In the event of a breach of this Agreement by Defendants, Plaintiffs shall also be entitled to execute on the previously executed Consent Judgment in the amount of $150,308.01, to be filed in the Litigation, a copy of which is attached hereto as Exhibit 1, subject to proof of their additional attorneys' fees and costs related to execution on the Consent Judgment. Plaintiffs further agree that any action to enforce the Consent Judgment will only be taken after seven (7) days' notice to cure is provided to Defendants and The Good Gutter Company, LLC, the guarantor of this settlement.

35. Additionally, The Good Gutter Company, LLC, agreed to guarantee all the terms of the Settlement Agreement, and in the event of a breach of the Settlement Agreement, to immediately pay in a lump sum the full remaining amounts owed on the Settlement Agreement.

36. Paragraph 9 of the Settlement Agreement, which applies to The Good Gutter Company, LLC, states as follows:

> The Good Gutter Company, LLC, (hereinafter "The Good Gutter Company") agrees to guarantee all terms of this Agreement, including but not limited to, the payment of the Settlement Amount set forth in this Agreement and payment of all future amounts which may become due during the duration of the payment plan set forth in Paragraph 3.
>
> Should Defendants be in breach of this Agreement as set forth in Paragraph 8, and should Defendants fail to cure within the 7-day notice period referenced above, The Good Gutter Company shall be liable for the amounts remaining owed in this Agreement as well as any other amounts that may become due during the duration of the payment plan set forth in Paragraph 3. The Good Gutter Company shall pay these aforementioned amounts in a lump sum payment within **30 days** of the end

6

of the 7-day notice period referenced above.  Should The Good Gutter Company fail to pay these amounts within this 30 day period, it shall then be considered in breach of this Agreement and it shall be liable to Plaintiffs for any attorneys' fees and costs relating to enforcing this Agreement against The Good Gutter Company.

37. The Tidwell Defendants made ten (10) of the periodic monthly payments totaling $15,000, but the Tidwell Defendants failed to make the first $19,000 balloon payment that was due on December 31, 2021, and they failed to make any of the monthly payments after the December 2021 payment.  Likewise, Tidwell Brothers Construction, LLC and NAT Construction, LLC also failed to obtain a surety bond or irrevocable letter of credit as required by the Settlement Agreement.

38. On January 21, 2022, Plaintiffs provided written notice to the Tidwell Defendants, and to The Good Gutter Company, LLC, of the Tidwell Defendants' breach of the Settlement Agreement.  The 7-day notice period in which the Tidwell Defendants had to cure the breach of the Settlement Agreement expired on January 29, 2022.

39. The Tidwell Defendants are in breach of the Settlement Agreement and have to this day failed to cure the breach.

40. Despite guarantying payment of all the amounts owed under the Settlement Agreement, and despite being provided with written notice of the breach, The Good Gutter Company, LLC, has failed to pay any of the outstanding amounts remaining owed pursuant to the Settlement Agreement.  As a result, The Good Gutter Company, LLC, is in breach of the Settlement Agreement.

41. Defendant failed to cure its breach of the Settlement Agreement.

42. By Defendant's breach of the Settlement Agreement, $135,308.01 remains due and owing to Plaintiffs by The Good Gutter Company, LLC, plus Plaintiffs' attorneys' fees and costs.

WHEREFORE, Plaintiffs pray that this Court enter an order, judgment, and decree awarding Plaintiffs the following relief for their cause of action:

a. A judgment against Defendant in the amount of $135,308.01, representing the amount remaining owed on the Settlement Agreement;

b. A judgment for Plaintiffs' attorneys' fees and costs incurred in enforcing the Settlement Agreement against The Good Gutter Company, LLC;

c. A judgment for liquidated damages, interest, costs, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g) and the Settlement Agreement;

d. For such other and further relief as the Court may consider appropriate under the circumstances.

Respectfully submitted,

HARTNETT REYES-JONES, LLC

*/s/* Matthew J. Gierse
MATTHEW J. GIERSE, No. 63828MO
4399 Laclede Avenue
St. Louis, Missouri 63108
Telephone:  314-531-1054
Facsimile:   314-531-1131
mgierse@hrjlaw.com

Attorneys for Plaintiffs