UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   No. 4:22 CV 571 RWS ) |
| THE GOOD GUTTER COMPANY, LLC, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This case is before me on Plaintiffs' motion for entry of full default judgment. (Doc. 7). Plaintiffs filed this lawsuit on May 25, 2022, under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against Defendant The Good Gutter Company, LLC. In their complaint, Plaintiffs allege that The Good Gutter Company breached the terms of a settlement agreement that it signed guarantying payment of all amounts owed under the settlement agreement.

Plaintiffs have established that The Good Gutter Company is a party to a settlement agreement with Plaintiffs where The Good Gutter Company guaranteed payment of all amounts owed under the settlement agreement. Despite guarantying payment of all amounts owed under the settlement agreement and being provided written notice of its breach of the settlement agreement, The Good Gutter Company

has failed to pay any of the outstanding amounts owed under the settlement agreement. Plaintiffs have established that the total outstanding amount owed under the settlement agreement is $135,308.01. As a result, The Good Gutter Company is in breach of the settlement agreement and is liable to Plaintiffs for the $135,308.01 remaining owed under the settlement agreement.

In addition, the settlement agreement provides that The Good Gutter Company shall pay the attorneys' fees and costs incurred by Plaintiffs as a result of enforcing the settlement agreement. Plaintiffs have demonstrated that they have incurred $2,904.02 in attorneys' fees and $466.75 in costs. Based on the evidence presented, I find that the services performed by Plaintiffs' attorneys were reasonable and necessary, that the rates charged by Plaintiffs' attorneys were reasonable, and that the amount sought for attorneys' fees is reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for entry of full default judgment [7] is **GRANTED**.

A separate judgment in accordance with this memorandum and order will be entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July 2022.